JUSTICE LEAPHART
dissenting.
¶22 I dissent because the District Court has mistaken which party bore the burden of proof on the question whether Joshua provided C.R.N. with health insurance. The District Court found that
Joshua failed to establish by credible evidence that he provided health insurance coverage in 1996 through his employment with Piedmont Lumber Company and that said coverage can be counted as child support.
However, in Matter of Adoption of J.B.T. (1991), 250 Mont. 205, 207-208, 819 P.2d 178, 179, the Court interpreted § 40-8-111(1)(a)(v), MCA, and concluded that “the burden of proof[, which] requires that there must be clear and convincing evidence that the parent has not contributed to the support of the child for one year[,]... falls upon the petitioner.” In the present case, the District Court admitted a letter to Joshua from the Bozeman Clinic, which stated in part:
Please find enclosed a refund check of $198.00[.] Your, daughter [C.R.N.] is also covered by Medicaid. Medicaid pays for any services not covered by your Blue Cross & Blue Shield Policy. If you have any questions, please call.
This letter clearly suggests that Joshua had arranged health insurance for C.R.N. The District Court also admitted a copy of a Blue Cross of California Group Enrollment Form that listed Joshua and C.R.N. Finally, the District Court admitted an “Explanation of Benefits” statement from Blue Cross of California. The Explanation of Benefits statement identifies Joshua as the subscriber and recognizes C.R.N. as a covered patient. The Explanation of Benefits statement indicates that C.R.N. made three medical visits to the Bozeman Clinic in 1996 and that the charges for those visits have been applied to Joshua’s deductible. With the admission of that evidence, it was Cy, not Joshua, who had the burden of proving by clear and convincing evidence either that Joshua did not provide C.R.N. with health insur *209 anee coverage in 1996 or that such coverage did not count as child support.
¶23 I would reverse and remand for findings on the question of health insurance in accordance with this Court’s decision in Matter of Adoption ofJ.B.T.